PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 1999 Ford Taurus struck railroad ties that were scattered across County Route 56 between Independence Road and Country Club Road in laclcson County. County Route 56 is a public road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 6:00 p.m. on November 12,2007. The speed limit on County Route 56 is fifty-five miles per hour. At the time of the incident, claimant was Raveling from Ripley to Ravenswood. She was driving on County Route 56 at approximately forty-five miles per hour when she noticed an object on the road. When she maneuvered her vehicle to the right, her vehicle struck what she later discovered were railroad ties that were scattered across the road. Claimant was unable to see the railroad ties before her vehicle struck them due to the rain and darkness that existed at the house. As a result of this incident, claimant’s vehicle sustained damage to two tires, two rims, and the vehicle needed to be re-aligned, totaling $297.95.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 56 at the site of claimant’s accident for the date in question. William R. Whited, Crew Supervisor for respondent in Jackson County, testified that he is familiar with County Route 56. He stated that it is a high priority road in terms of its maintenance. He stated that he received a telephone call regarding this incident at approximately 10:15 p.m. that evening. Mr. Whited responded in a timely manner and a crew removed the railroad ties from the road. He stated he did not know the origin of the railroad ties, but that trucks frequently travel this roadway. He further stated that respondent did not have notice of the subject railroad ties prior to this incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent did not have notice of the railroad ties that were scattered across County Route 56 prior to this incident. Respondent did not receive notice until after this incident occurred but responded in a timely manner and removed the railroad ties. Thus, there is insufficient evidence of negligence on the part of respondent upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.